## THIRD DEPARTMENT, JULY, 1966

### (July 1, 1966)

■ In the Matter of the Claim of MARY SINENI, Respondent, v. SUN TIRE SALES — PHIL'S SUNOCO SERVICE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. A heart attack sustained by claimant on or about November 14, 1958 while unloading cans of antifreeze at a gasoline service station where he was employed was found by the board to be an accidental injury and an award of compensation accordingly was made. On February 21, 1962 he sustained a second heart attack from which he died. His widow thereafter filed a claim for compensation arising out of the death of the deceased. Following hearings at which considerable medical opinion evidence was adduced on the subject of accidental causation, the Referee dismissed the claim. Upon review the board reversed the Referee's decision making an express finding that the death was causally related to the acci-

dental injury sustained by decedent in November, 1958 and restored the case to the Referee's Calendar for an appropriate award. The medical opinion evidence was in sharp conflict. The board's choice of Doctor Young's testimony in favor of causation was within its fact-finding power (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). It can well be argued that the more convincing evidence supported the Referee's finding of no causal relation but that accepted by the board is not incredible as a matter of law (*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414) and must be accounted substantial evidence supportive of the board's finding. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.